IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02957-PAB-MJW

STANLEY CREIGHTON LOBATO-WRIGHT and
TODD ANTHONY LOBATO-WRIGHT,

    Plaintiffs,

v.

GERRITT KOSER,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") served on June 25, 2015 [Docket No. 53]. The magistrate judge recommends that: (1) defendant Gerritt Koser's Motion to Dismiss Plaintiffs' Amended Complaint and Jury Demand [Docket No. 41] be granted in part and denied in part; (2) plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint [Docket No. 46] be granted in part and denied in part; and (3) plaintiffs' motion to strike exhibits to motion to dismiss [Docket No. 50] be denied.

On July 9, 2015, defendant filed timely objections to the Recommendation. Docket No. 54. Defendant objects to the Recommendation's finding that the Second Amended Complaint adequately pleads a malicious prosecution claim. *See* Docket No. 54 at 2, ¶ 4; Docket No. 53 at 11. Plaintiffs have not filed a response to defendant's objection.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

The underlying facts are set forth in the Recommendation and will not be restated here. Mr. Koser asserts that leave to amend should be denied because (1) there was probable cause for the prosecution underlying plaintiffs' malicious prosecution claim, so their malicious prosecution claim is futile; (2) Mr. Koser should not be liable for District Attorney Investigator Daniel Chun's actions under a respondeat superior theory; (3) Mr. Koser's testimony at Stanley Lobato-Wright's trial is afforded absolute immunity; and (4) Mr. Koser was not acting under the color of state law. Docket No. 54 at 10-13.

Defendant objects to the magistrate judge's determination that plaintiffs adequately plead a malicious prosecution claim in the proposed Second Amended Complaint. *Id.* at 2, ¶ 4. The elements of a malicious prosecution claim are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir.

2008) (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)). Defendant's objection appears to only challenge the magistrate judge's recommendation as to the third element. See Docket No. 54 at 10, ¶ 29.

The magistrate judge found that "[t]he affidavits supporting [p]laintiffs' arrest warrants, on their face, establish probable cause," but noted that an arrest warrant's probable cause can be "vitiated by showing the *omission* of relevant facts." Docket No. 53 at 10 (emphasis in original) (citing *Stewart v. Donges*, 915 F.2d 572, 582 (10th Cir. 1990). The magistrate judge determined that

> the Second Amended Complaint alleges, repeatedly, that [p]laintiffs disclosed not only their personal relationship to [Denver Housing Authority], but also all of Stanley's income. These facts, if included in the arrest affidavits, would have vitiated probable cause. As a result, the proposed Second Amended Complaint plausibly alleges a lack of probable cause.

Docket No. 53 at 10; *see also* Docket No. 51-1 at 5, 13, ¶¶ 9, 30 (allegations pertaining to plaintiffs' disclosures regarding their income and relationship). The Court agrees with the magistrate judge's conclusion that plaintiffs have sufficiently alleged a lack of probable cause for their arrest. *See Stewart*, 915 F.2d at 582-83 ("[A]t the time defendant submitted his affidavit and arrested plaintiff, it was a clearly established violation of plaintiff's Fourth and Fourteenth Amendment rights to knowingly or recklessly omit from an arrest affidavit information which, if included, would have vitiated probable cause.").

Accordingly, the Court overrules defendant's objection to the magistrate judge's recommendation that plaintiffs' malicious prosecution claim in the Second Amended Complaint is futile.

Defendant's second argument, that Mr. Koser should not be liable for District Attorney Investigator Daniel Chun's actions under a respondeat superior theory, is misplaced because plaintiffs' malicious prosecution claim is not premised on a respondeat superior theory of liability.  Rather, plaintiffs' allegations pertain to defendant's role in initiating and continuing their prosecution.  *See* Docket No. 51-1 at 3, 8-13, ¶¶ 5, 23, 28-30.

Defendant's third argument, that Mr. Koser's testimony at Stanley Lobato-Wright's trial is afforded absolute immunity, does not warrant a dismissal of plaintiffs' malicious prosecution claim.  Plaintiffs' proposed Second Amended Complaint contains allegations to support their malicious prosecution claim apart from Mr. Koser's trial testimony, *see id.*, and their malicious prosecution claim does not depend solely on their allegations regarding the testimony Mr. Koser provided at their criminal trial.  *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.") (citations and quotation marks omitted).

Defendant's fourth argument, that Mr. Koser was not acting under the color of state law, fails because plaintiffs' proposed Second Amended Complaint contains sufficient allegations to establish that his actions in the investigation and prosecution of plaintiffs were performed in his capacity as an attorney at Denver Housing Authority.  *See* Docket No. 51-1 at 3, 8-13 ¶¶ 5, 23, 27, 28, 30.  Defendant appears to contend that his actions constitute private conduct, Docket No. 54 at 14; however, it is unclear

4

why defendant's actions as an attorney for the Denver Housing Authority would constitute private conduct.  As noted above, plaintiffs allege that defendant initiated and continued to participate in the investigation against plaintiffs that ultimately led to their arrest.  Docket No. 51-1 at 11-13, ¶ 28-30.

Accordingly, the Court overrules defendant's objections to the magistrate judge's recommendation.

As for the unobjected-to portions of the Recommendation, in the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, the Court has reviewed the unobjected to-portions of the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

The Court concludes that the Recommendation on Mr. Koser's motion to dismiss, plaintiffs' motion to strike, and plaintiffs' motion for leave to amend is a correct application of the facts and the law.  Therefore, the Court will grant in part and deny in part defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Jury Demand [Docket No. 41], grant in part and deny in part plaintiffs' Motion for Leave to File Second

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

Amended and Supplemental Complaint [Docket No. 46], and deny plaintiffs' Motion to Strike Exhibits to Motion to Dismiss [Docket No. 50].

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 53] is **ACCEPTED**. It is further

**ORDERED** that defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Jury Demand [Docket No. 41] is **GRANTED** in part and **DENIED** in part. It is granted with respect to plaintiffs' false imprisonment and unlawful arrest claims. It is denied with respect to plaintiffs' malicious prosecution claim. It is further

**ORDERED** that plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint [Docket No. 46] is **GRANTED** in part and **DENIED** in part. It is granted with respect to plaintiffs' malicious prosecution claim. It is denied with respect to plaintiffs' false imprisonment and unlawful arrest claims. It is further

**ORDERED** that plaintiffs' Motion to Strike Exhibits to Motion to Dismiss [Docket No. 50] is **DENIED**. It is further

**ORDERED** that plaintiffs shall filed a second amended complaint in conformance with this order on or before April 11, 2016.

DATED March 24, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge