IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02957-PAB-MJW

STANLEY CREIGHTON LOBATO-WRIGHT and
TODD ANTHONY LOBATO-WRIGHT,

    Plaintiffs,

v.

GERRITT KOSER,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Plaintiffs' Motion to Accept Complaint Filed on March 23, 2017 [Docket No. 87] and Defendant Gerritt Koser's Motion to Strike Plaintiffs' Second Amended Complaint (Docket #84) [Docket No. 88].

On March 24, 2016, the Court granted plaintiffs leave to amend their complaint. Docket No. 70. Plaintiffs then filed an amended complaint that was six pages longer than their proposed amended complaint, significantly revised, and contained substantial material that was originally contained in a pleading that plaintiff was not granted leave to file. *See* Docket Nos. 61, 65, 74. On March 9, 2017, on defendant's motion, the Court ordered plaintiffs to file an amended complaint within ten days that was compliant with the Court's March 24, 2016 order. Docket No. 83. Specifically, the Court stated that plaintiffs "may only alter their proposed second amended complaint to correct typographical errors and *withdraw* claims and contentions as necessary to comply with Rule 11." *Id*. at 4 (emphasis in original). On March 23, 2017, more than ten days after

the Court's order, plaintiff filed their second amended complaint. Docket No. 84. On April 6, 2017, plaintiffs filed their motion requesting that the Court accept their second amended complaint and defendant filed his motion to strike it. Docket Nos. 87, 88.

## I. MOTION TO ACCEPT

Plaintiffs request the Court to accept their untimely filed Second Amended Complaint [Docket No. 84]. Docket No. 87. Plaintiffs' counsel states that her father's funeral occurred two days after the Court's order and that she incorrectly calendared the due date for the pleading. *Id*. at 2. The Court finds excusable neglect for plaintiffs' delay in filing their pleading. *See* Fed. R. Civ. P. 6(b)(1)(B).

## II. MOTION TO STRIKE

Defendant moves the Court to strike plaintiffs' second amended complaint. Docket No. 88. Defendant argues that plaintiffs have failed to comply with the Court's orders by again including certain language present in the plaintiffs' previously-filed pleading. *Id*. at 3-4. Defendant claims that he is prejudiced by the addition of allegations "with no meaningful opportunity to explore the veracity of [those allegations] since discovery is closed." *Id*. at 7, ¶ 21. Nonetheless, defendant presents evidence that the allegations are false. *Id*. at 5-8. Defendant also objects to the removal of certain "admissions" regarding defendants' living arrangements included in previous versions of the complaint. *Id*. at 11.

Plaintiffs claim to be "perplexed" by defendant's motion and argue that the issues raised therein should be addressed in a motion to dismiss or a motion for summary judgment. Docket No. 93 at 1. Plaintiffs claim that they "removed all of the language

from the complaint []for which the Defendant filed his motion for clarification," but plaintiffs also acknowledge that they made further changes to the complaint "regarding when certain conversations among the Defendant, other witnesses and the Denver DA took place in the courtroom." Docket No. 93 at 1-2.

"Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor." *Holderness v. Birner Dental Mgmt. Servs. Inc.*, No. 12-cv-1391-WJM-MJW, 2013 WL 618162, at *1 (D. Colo. Feb. 19, 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004)). There is a strong preference for the disposition of litigation on the merits, particularly where there has been no showing of prejudice. *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) (affirming district court's denial of a motion for default judgment made at the close of trial, even when the defendant conceded that it failed to file an answer). Thus, when faced with a motion to strike, courts should balance the preference to reach the merits with the prejudice, if any, to the moving party. *Holmes v. Newark Pub Schs.*, 2013 WL 6199190, at *2 (D.N.J. Nov. 27, 2013) (citing *Wilson v. King*, 2010 WL 678102, at *3 (E.D. Pa. Feb. 24, 2010)); *see also Davis v. Ruby Foods*, Inc., 269 F.3d 818, 821 (7th Cir. 2001) (counseling against filing a motion to strike unless actual prejudice can be shown). The decision about whether to grant a motion to strike is discretionary. *McPherson v. Bachus & Schanker*, LLC, No. 10-cv-01768-CMA-KMT, 2011 WL 2415003, at *2 (D. Colo. June 10, 2011) (citing *F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)).

Plaintiffs' acknowledgment that they further altered their complaint shows that they have again failed to comply with the Court's orders. Plaintiffs simply ignored the Court's instruction that revisions would only be allowed to "correct typographical errors and *withdraw* claims and contentions as necessary to comply with Rule 11." Docket No. 83 at 4 (emphasis in original). The Court agrees with defendant that defendant would be prejudiced by plaintiffs' late addition and modification of allegations after the close of discovery. Such prejudice is particularly apparent in relation to plaintiffs' allegations at paragraph 38 of the amended complaint regarding defendant's alleged actions during plaintiffs' trial. *See* Docket No. 84-1 at 16. As defendant notes and plaintiffs do not contest, despite testifying at length about defendant's conduct during the trial, neither plaintiff mentioned the incident newly alleged at paragraph 38 during such testimony. *See* Docket No. 88 at 8, ¶ 22 (citing various portions of plaintiffs' deposition testimony in Docket Nos. 88-3, 88-4). Plaintiffs' untimely addition of these allegations would deny defendant the opportunity to depose plaintiffs with respect to this alleged incident. In light of the prejudice to defendant, the Court strikes the following portions of plaintiffs' second amended complaint:

| Location of Text | Text Stricken |
|---|---|
| Docket No. 84 at 10, ¶ 23. | When Defendant was present when this happened, he indicated his agreement. |

| | |
|---|---|
| Docket No. 84 at 11, ¶ 27. | Two weeks before finding out about the DORA Complaint, Mr. Koser believed that there were no grounds to charge the Plaintiffs with fraud; after he found out about the DORA complaint, the Defendant set in motion the criminal prosecution of the Plaintiffs. It is the Plaintiffs' position that the Defendant did so in retaliation for the DORA Complaint and because of his anti-homosexual animus against the Plaintiffs. |
| Docket No. 84 at 11, ¶ 28. | as a matter of "common sense" |
| Docket No. 84 at 11, ¶ 29. | Mr. Koser's position was incorrect both as a matter of fact and a matter of law. |
| Docket No. 84 at 12, ¶ 31. | These criminal charges were brought on the false complaint of the Defendant who told DDA that the Plaintiffs were as a matter of "common sense" family members, and therefore were committing fraud by not disclosing Stan's income on the paperwork. |
| Docket No. 84 at 13, ¶ 38. | After Defendant finished his testimony at the criminal trial of Stan Lobato-Wright, during a recess that took place after Defendant's testimony, a member of the Public Defender's office came into the courtroom to talk to Stan's attorney. Joe Morales pointed out to him the pictures of the Plaintiffs, bare chested with their infant son. Mr. Morales asked whether this other attorney thought these pictures were "disgusting." Mr. Koser was present in the courtroom and appeared to be listening. He nodded his head, as if to agree that the pictures were disgusting. |

| Docket No. 84 at 14, ¶ 42. | Mr. Koser admitted that there was no probable cause to charge the Plaintiffs two weeks before he found out about Todd's DORA Complaint. He caused the criminal investigation and subsequent prosecution of the Plaintiffs after finding out about the DORA complaint and in retaliation for the DORA Complaint. |
|---|---|
| Docket No. 84 at 14, ¶ 45. | The Defendant's motivation to prosecute the Plaintiffs was his anti-homosexual agenda, and in retaliation for Todd's DORA Complaint. |

The Court notes that, on November 1, 2017, defendant filed an Unopposed Motion to Vacate the Parties' November 17, 2017 Trial Preparation Conference and December 4, 2017 Trial [Docket No. 102]. In his motion, defendant refers to his statement in the final pretrial order that he intended to file a motion for summary judgment if his motion to strike were denied. Docket No. 102 at 2, ¶ 5 (citing Docket No. 100 at 18, ¶ 9). It is unclear, however, whether defendant still intends to file a motion for summary judgment in light of the Court's partially granting his motion to strike. The Court will order defendant, within one week, to file an answer and a notice stating whether he still intends to file a motion for summary judgment. Any such notice must clearly identify the issues on which plaintiff intends to seek summary judgment.

III. CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Accept Complaint Filed on March 23, 2017 [Docket No. 87] is **GRANTED** in part and **DENIED** in part as set forth in this order. It is further

**ORDERED** that Defendant Gerritt Koser's Motion to Strike Plaintiffs' Second Amended Complaint (Docket #84) [Docket No. 88] is **GRANTED** in part and **DENIED** in part as set forth in this order. It is further

**ORDERED** that, within seven days of this order, defendant shall file an answer to plaintiffs' second amended complaint. It is further

**ORDERED** that, within seven days of this order, defendant shall file a notice stating whether he intends to file a motion for summary judgment and, if so, identifying the specific issues on which defendant intends to seek summary judgment.

DATED November 2, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge